UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID D. LEE,

            Petitioner,

     vs.

LELAND McEWEN, Warden,

            Movant.

No.  2:12-cv-2618 LKK DAD P

FINDINGS & RECOMMENDATIONS

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his sentence imposed on a judgment of conviction entered against him on September 3, 2010, in the Sacramento County Superior Court on charges of attempted manslaughter, possession of methamphetamine, and possession of a firearm by a convicted felon.  He seeks federal habeas relief on the grounds that his due process right to be sentenced in accordance with state law was violated, and his trial counsel rendered ineffective assistance in failing to object to the illegal sentence imposed by the trial court.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

/////

/////

/////

1

1  **I. Background**

2        In its unpublished memorandum and opinion affirming petitioner's judgment of

3  conviction on appeal, the California Court of Appeal for the Third Appellate District provided the

4  following factual summary:

5           Charged with attempted murder, defendant David Dale Lee was
         convicted by the jury of the lesser offense of attempted voluntary
6           manslaughter.  The jury found firearm use and great bodily injury
         allegations to be true.   The jury also convicted defendant of
7           possession of methamphetamine and possession of a firearm by a
         convicted felon.  In bifurcated proceedings, the court sustained six
8           prior prison term allegations.

9           The court sentenced defendant to state prison for an aggregate term
         of 25 years 10 months.
10

11           Defendant appeals.  He contends that insufficient evidence supports
         the trial court's reason for imposition of the upper term for
12           attempted voluntary manslaughter and that the court's reason
         constituted an impermissible dual use of facts.  He also contends
13           that to the extent an objection should have been raised to preserve
         the issue, counsel rendered ineffective assistance.   We reject
14           defendant's contentions.

15           **FACTS**

16           In December 2008 defendant shot Elias Hernandez.  At the time of
         the shooting, defendant lived in a mobile home next door to the
17           home of Jeanette Khan, who provided him with electricity and food
         and allowed him to use her kitchen utensils and shower.  Hernandez
18           had been staying with Khan and saw defendant come into Khan's
         house to use the shower.  Prior to the shooting, Hernandez denied
19           ever having argued or fought with defendant.  Robert Porter and his
         girlfriend rented a room in Khan's home.
20
         Months before the shooting, defendant asked Khan to sell his truck
21           for $1,000, but she only got $500 for it.  She kept the money to pay
         some bills rather than sending it to him.  Khan had not been paid for
22           defendant's use of her home.

23           On December 15, 2008, Khan, Hernandez, and Porter were in
         Khan's home waiting for a friend to arrive.  Defendant had been in
24           and out of Khan's house, and Khan asked Hernandez to tell
         defendant to leave because he was spending too much time in the
25           house.  Khan had asked defendant repeatedly to leave and he would
         not.  When Hernandez asked defendant to leave, defendant got mad
26           and went to his mobile home.

27           Shortly thereafter, Hernandez went to defendant's mobile home to
         make sure they were "cool."  He knocked on the door and when
28           defendant opened it, Hernandez saw Lisa Bishop inside.  Hernandez
         explained he wanted to talk to defendant but said it could wait.

Defendant said they could talk right away. After the two disagreed about when to talk, Hernandez finally agreed to talk right then. Defendant went into the mobile home, shut the door, and a few seconds later came out. As defendant and Hernandez walked away from the mobile home, Hernandez asked defendant if he was "cool." Defendant responded by taking out a gun and shooting Hernandez in the thigh. Hernandez ran. Defendant fired and hit Hernandez in the buttocks twice. Hernandez fell to the ground. As he tried to get up, defendant approached and shot Hernandez once more in the tailbone. Hernandez pled with defendant not to shoot him again. Hernandez heard defendant's gun click twice more. Hernandez made his way to the house, called 911, and then collapsed.

Officers on patrol heard four gunshots, drove toward the area, and encountered Bishop and defendant. Defendant had no injuries, no ripped clothing, and was not breathing heavily. Within feet, an officer found a handgun with an empty magazine, two baggies of methamphetamine, and two baggies of marijuana. Four shell casings were found at the scene, starting about 20 feet from the mobile home and extending in a line about 48 feet long. Two of the shell casings had been fired from the handgun found, but the other two casings had insufficient markings to make a conclusive determination.

Hernandez was treated at the hospital, where he remained for two weeks and had multiple surgeries. He had to use a cane and later a wheelchair.

At trial, defendant testified that he had a prior dispute with Hernandez about some drugs and that Hernandez had threatened him. On the night of the shooting, defendant claimed he and Hernandez had spoken on the phone about drugs and Hernandez again threatened defendant. Defendant claimed that when Hernandez came to the mobile home, Hernandez struck defendant in the face and again when defendant ran. When Hernandez picked up a tool and approached defendant, defendant claimed he was barely conscious but pulled out his gun and shot at Hernandez four times. Defendant claimed he did not chase Hernandez and had no idea his shots had hit Hernandez.

The probation officer recommended the upper term for the attempted voluntary manslaughter offense, citing "the callous and vicious nature of the crime." Defense counsel filed a statement in mitigation, arguing that the trial court could not impose sentence on the enhancements and then use the same factors to impose the upper term for the offense, and that doing so constituted improper dual use of facts. The People claimed the trial court could aggravate the sentence based on the facts that defendant shot the victim four times, three of which hit the victim's back as he ran away, and that defendant pursued the victim.

The trial court sentenced defendant to state prison as follows: the upper term of five years six months for attempted voluntary manslaughter, a consecutive 10–year term for the gun use

3

enhancement, and a consecutive three-year term for the great bodily injury enhancement; a consecutive one-third the midterm, or eight months, sentence for possession of methamphetamine; a consecutive one-third the midterm, or eight months, sentence for being a convicted felon in possession of a firearm; and a consecutive one year each for the six prior prison terms. In imposing the upper term for attempted voluntary manslaughter, the trial court cited "the nature of the crime[,] the viciousness of the crime." The trial court further stated, "The Court notes the pursuit that was involved in the commission of this crime based on the physical evidence." Defense counsel did not object.

(ECF No. 12 at 13-14.)

## II. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, ___ U.S. ___, 132 S. Ct. 38, 44 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in

4

determining what law is clearly established and whether a state court applied that law

unreasonably."  Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir.

2010)).  However, circuit precedent may not be "used to refine or sharpen a general principle of

Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not

announced."  Marshall v. Rodgers, ___ U.S. ___,___,133 S. Ct. 1446, 1450 (2013) (citing Parker

v. Matthews, ___ U.S. ___,___,132 S. Ct. 2148, 2155 (2012)).  Nor may it be used to "determine

whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if

presented to th[e] [Supreme] Court, be accepted as correct.  Id.  Further, where the Federal

Circuits have diverged in their treatment of an issue, it cannot be said that there is "clearly

established Federal law" governing that issue.  Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule

contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the

writ if the state court identifies the correct governing legal principle from the Supreme Court's

decisions, but unreasonably applies that principle to the facts of the prisoner's case. [1]  Lockyer v.

Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002

(9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that

court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly.  Rather, that application must also be

unreasonable."  Williams, 529 U.S. at 412.  See also Schriro v. Landrigan, 550 U.S. 465, 473

(2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent

review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as

'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v.

---

[1]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding."  Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

1  Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S.

2  652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal

3  court, a state prisoner must show that the state court's ruling on the claim being presented in

4  federal court was so lacking in justification that there was an error well understood and

5  comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131

6  S. Ct. at 786-87.

7      If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing

8  court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford,

9  527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008)

10 (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of §

11 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering

12 de novo the constitutional issues raised.").

13     The court looks to the last reasoned state court decision as the basis for the state court

14 judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

15 If the last reasoned state court decision adopts or substantially incorporates the reasoning from a

16 previous state court decision, this court may consider both decisions to ascertain the reasoning of

17 the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a

18 federal claim has been presented to a state court and the state court has denied relief, it may be

19 presumed that the state court adjudicated the claim on the merits in the absence of any indication

20 or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. This

21 presumption may be overcome by a showing "there is reason to think some other explanation for

22 the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797,

23 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims

24 but does not expressly address a federal claim, a federal habeas court must presume, subject to

25 rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___,

26 ___, 133 S. Ct. 1088, 1091 (2013).

27     Where the state court reaches a decision on the merits but provides no reasoning to

28 support its conclusion, a federal habeas court independently reviews the record to determine

whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v.

Thompson, 336 F.3d 848, 853 (9th Cir. 2003).   "Independent review of the record is not de novo

review of the constitutional issue, but rather, the only method by which we can determine whether

a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853.  Where no

reasoned decision is available, the habeas petitioner still has the burden of "showing there was no

reasonable basis for the state court to deny relief."  Richter, 131 S. Ct. at 784.

   A summary denial is presumed to be a denial on the merits of the petitioner's claims.

Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012).  Even when faced with a summary

denial, the federal habeas court must review the state court record to determine whether there was

any "reasonable basis for the state court to deny relief."  Richter, 131 S. Ct. at 784.  In this regard,

this federal habeas court "must determine what arguments or theories . . . could have supported,

the state court's decision; and then it must ask whether it is possible fairminded jurists could

disagree that those arguments or theories are inconsistent with the holding in a prior decision of

[the Supreme] Court."  Id. at 786.  The petitioner always bears "the burden to demonstrate that

'there was no reasonable basis for the state court to deny relief.'"  Walker v. Martel, 709 F.3d

925, 939 (9th Cir. 2013) (quoting Richter, 131 S. Ct. at 784).

   When it is clear, however, that a state court has not reached the merits of a petitioner's

claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462

F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

## III.  Petitioner's Claims

### A.  Illegal Sentence/Ineffective Assistance of Counsel

   Petitioner claims that the sentence imposed in his case violated his due process right to be

sentenced in accordance with state law and that his trial counsel rendered ineffective assistance in

failing to object to the allegedly illegal sentence imposed by the trial court.  (ECF No. 1-1 at 21-

29.) [2]  On direct appeal in state court, petitioner framed this issue as one of ineffective assistance

---

[2]   Page number citations such as this one are to the page numbers reflected on the court's
CM/ECF system and not to page numbers assigned by the parties.

1  of counsel.  The California Court of Appeal rejected petitioner's arguments, reasoning as follows:

> Recognizing that his challenge to imposition of the upper term is forfeited because defense counsel failed to object at sentencing when the court orally pronounced sentence (People v. Scott (1994) 9 Cal.4th 331, 348–356), defendant raises ineffective assistance of counsel.  To establish ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient and that defendant suffered prejudice as a result.  (Strickland v. Washington (1984) 466 U.S. 668, 687–688, 691–692 [80 L.Ed.2d 674, 693, 696]; People v. Ledesma (1987) 43 Cal.3d 171, 216–218.) "Counsel's failure to make a meritless objection does not constitute deficient performance." (People v. Mitcham (1992) 1 Cal.4th 1027, 1080; People v. Anderson (2001) 25 Cal.4th 543, 587; People v. Hines (1997) 15 Cal.4th 997, 1038, fn. 5; People v. Szadziewicz (2008) 161 Cal.App.4th 823, 836.)  We conclude that any objection would have been meritless.
>
> In imposing the upper term, the trial court determined that the crime was vicious, citing the fact that defendant had pursued the victim as shown by the physical evidence.  The record supports the trial court's finding.  Four shell casings were found at the scene, starting about 20 feet from the mobile home and extending in a line about 48 feet long toward a fence.  Even defendant acknowledges that "[t]he location of the shell casings indicated [defendant] followed after Hernandez . . . ."
>
> Penal Code section 1170, subdivision (b) provides: "[T]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed . . . ."  California Rules of Court, rule 4.420(c) provides: "To comply with section 1170[, subdivision] (b), a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so."[3]  Here, the trial court imposed punishment for the enhancements but cited neither defendant's gun use nor infliction of great bodily injury in imposing the upper term.  The court cited, instead, the viciousness of the crime.
>
> Rule 4.421(a)(1) provides: "The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness." (Italics added.)  Defendant argues that the finding of viciousness was based on the infliction of great bodily injury and his use of a firearm.  Not so.  The trial court expressly found it was defendant's pursuit of the victim.  Distinguishing decisional authorities that involved a defenseless victim who did not provoke or pose a threat to the defendant, and in which viciousness was sustained as an aggravating factor, defendant claims the shooting here began only after Hernandez hit defendant.  Had defendant not pursued the victim while firing his weapon, he would have a better argument.

---

[3]  All rule references are to the California Rules of Court.

The facts in the cases cited are not the only facts upon which a finding of viciousness can be made. "The essence of 'aggravation' relates to the effect of a particular fact in making the offense distinctively worse than the ordinary." (People v. Moreno (1982) 128 Cal.App.3d 103, 110.)

In his reply brief, defendant claims his pursuit of the victim went to the element of his intent to kill. Rule 4.420(d) provides: "A fact that is an element of the crime upon which punishment is being imposed may not be used to impose a greater term." Thus, facts unnecessary to establish elements of the crime may be used to aggravate a sentence. (People v. Castorena (1996) 51 Cal.App.4th 558, 562.)
Defendant's intent to kill was amply demonstrated by the number of shots fired into the victim. (People v. Montes (2003) 112 Cal.App.4th 1543, 1545 [attempted voluntary manslaughter requires an intent to kill]; CALCRIM Nos. 603, 604.) Defendant shot Hernandez once in the thigh, twice in the buttocks, and once in the tailbone. According to Hernandez, he heard defendant's gun click twice more after he pled with defendant not to shoot him again. Defendant's pursuit of the victim was an unnecessary fact to establish the crime of attempted voluntary manslaughter. This was a vicious crime, there was no dual use of facts, and counsel's performance was not deficient.

(ECF No. 12 at 14-15.)

In the habeas petition before this court, petitioner argues extensively that his sentence violates California law. (ECF No. 1-1 at 17-18, 25-26; ECF No. 12 at 21-26.) However, whether or not the trial court violated state sentencing law is not cognizable in a federal habeas action. The state court's determination that petitioner's sentence did not violate state law is binding on this court. See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("we have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Rivera v. Illinois, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting Engle v. Isaac, 456 U.S. 107, 121, n. 21 (1982) and Estelle, 502 U.S. at 67, 72-73); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law . . . binds a federal court sitting in federal habeas"); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie for errors of state law); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991) ("the issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point").

9

1    Petitioner also argues that the trial court violated his federal right to due process when it

2    sentenced him in violation of state law.  (ECF No. 1-1 at 21-24.)  Petitioner concedes that the

3    evidence showed he fired four rounds at Hernandez, inflicted four wounds, and followed

4    Hernandez while firing the gun.  (Id. at 21.)  However, he argues, as he did in state court, that the

5    trial court's finding that the crime was "vicious," was a "personal opinion" that was "not

6    supported by the record since the pursuit of Hernandez goes to the element of intent to kill

7    necessary to support attempted voluntary manslaughter."  (Id. at 21-22.)  Petitioner also argues

8    that the shooting in this case was not "distinctively worse than any other crime of attempted

9    voluntary manslaughter."  (Id. at 22.)  He contends that the shooting was provoked by Hernandez.

10    (Id. at 23-24.)  In sum, petitioner claims that the sentencing judge's given reasons for imposing

11    the upper term sentence were "improper and violated state law," in violation of his federal right to

12    due process  (Id.)

13    Although petitioner invokes the Due Process Clause of the Fourteenth Amendment, his

14    claim, in essence, is that the trial court violated state sentencing law.  Of course, a habeas

15    petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation

16    of the federal constitution.  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997).  Rather,

17    petitioner must show that the decision of the California Court of Appeal somehow "violated the

18    Constitution, laws, or treaties of the United States."  Little v. Crawford, 449 F.3d 1075, 1083 (9th

19    Cir. 2006) (quoting Estelle, 502 U.S. at 68).  Absent fundamental unfairness, federal habeas

20    corpus relief is not available for a state court's misapplication of its own sentencing laws.  Estelle,

21    502 U.S. at 67; Middleton v. Cupp, 768 F.2d 1080, 1085 (1986); Christian v. Rhode, 41 F.3d 461,

22    469 (9th Cir.1994) (federal habeas relief unavailable for claim that state court improperly relied

23    upon a prior federal offense to enhance punishment); Miller v. Vasquez, 868 F.2d 1116, 1118–19

24    (9th Cir.1989) (claim that a prior conviction was not a "serious felony" under California

25    sentencing law not cognizable in federal habeas proceeding); Cooks v. Spalding, 660 F.2d 738,

26    739 (9th Cir. 1981) ("Habeas corpus relief for an asserted violation of due process is available

27    only when the state court's action is arbitrary or fundamentally unfair").  To state a cognizable

28    claim for federal habeas corpus relief based on an alleged state sentencing error, a petitioner must

1   show that the alleged sentencing error was "so arbitrary or capricious as to constitute an

2   independent due process violation." <u>Richmond v. Lewis</u>, 506 U.S. 40, 50 (1992) (citations

3   omitted).

4          Petitioner has not shown that his challenged sentence was imposed arbitrarily or

5   capriciously by the state court.  The sentencing judge's decision to impose an aggravated term for

6   attempted voluntary manslaughter on the grounds that petitioner's crime was "vicious," based on

7   evidence in the record that petitioner pursued the victim while shooting him multiple times,

8   including several times after the victim begged him from the ground to stop firing, was not a

9   fundamentally unfair one.  Accordingly, petitioner has failed to demonstrate a violation of the

10  Fourteenth Amendment that would entitle him to federal habeas relief.

11         If petitioner's sentence had been imposed under an invalid statute and/or was in excess of

12  that actually permitted under state law, a cognizable federal due process violation would be

13  presented.  See <u>Marzano v. Kincheloe</u>, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation

14  found where the petitioner's sentence of life imprisonment without the possibility of parole could

15  not be constitutionally imposed under the state statute upon which his conviction was based).

16  However, petitioner has not made a showing that such is the case here.  On the contrary,

17  petitioner's sentence was imposed in full compliance with state law.  Accordingly, petitioner is

18  not entitled to federal habeas relief with respect to his due process claim.

19         **B.  <u>Apprendi</u>, <u>Cunningham</u>, and <u>Blakely</u>**

20         The court notes that in the body of his federal habeas petition while addressing his claim

21  of sentencing error in violation of state law and due process, petitioner includes citations to the

22  Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) and

23  <u>Cunningham v. California</u>, 549 U.S. 270, 274 (2007).  In <u>Apprendi</u>, <u>Cunningham</u>, and <u>Blakely v.</u>

24  <u>Washington</u>, 542 U.S. 296 (2004), the United States Supreme Court established that, for Sixth

25  Amendment purposes, any fact that increases the penalty for a crime beyond the prescribed

26  statutory maximum, except the fact of a prior conviction, must be submitted to a jury and proved

27  beyond a reasonable doubt.  Petitioner does not elaborate on or explain his claim, if any, that his

28  sentence violates the holdings in <u>Apprendi</u> and <u>Cunningham</u>, and he is therefore not entitled to

1   federal habeas relief on any such claim.  See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995)

2   ("'[c]onclusory allegations which are not supported by a statement of specific facts do not

3   warrant habeas relief'") (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

4         Petitioner has also failed to exhaust any such claim of so-called Apprendi error in state

5   court.  Specifically, petitioner did not raise a Sixth Amendment challenge to his sentence in state

6   court or even cite the Apprendi or Cunningham decisions in his state court briefs.  Exhaustion of

7   state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28

8   U.S.C. §§ 2254(b)(1).

9         Even if petitioner had properly raised in this court a Sixth Amendment claim based on the

10  decisions in Apprendi and Cunningham, he would not be entitled to federal habeas relief.

11  Pursuant to California law at the time petitioner was sentenced (September 3, 2010), California's

12  Determinate Sentencing Law for an underlying felony specifying three terms of imprisonment

13  had been amended in response to the Cunningham decision to provide that the choice between the

14  three terms "shall rest within the sound discretion of the court" without the need to find and

15  weigh aggravating or mitigating factors.  See Cal. Penal Code § 1170(b) (2009).  In light of this

16  amendment to California's sentencing law, the trial judge's exercise of discretion to sentence

17  petitioner to the maximum term for attempted voluntary manslaughter did not violate the Sixth

18  Amendment.  See Chioino v. Kernan, 581 F.3d 1182, 1186 (9th Cir. 2009) (describing

19  California's amended Determinate Sentencing Law as "amending [the law] to comply with the

20  constitutional requirements of Cunningham"); Butler v. Curry, 528 F.3d 624, 652 n. 20 (9th Cir.

21  2008) ("Following the decision in Cunningham, the California legislature amended its statutes

22  such that imposition of the lower, middle or upper term is now discretionary and does not depend

23  on the finding of any aggravating factors."); Ochoa v. Uribe, No. ED CV 12-586-RGK (PLA),

24  2013 WL 866118, at *7 (C.D. Cal. Jan. 28, 2013) ("Because of the amendment to §1170(b)

25  eliminated the middle term as the statutory maximum, petitioner has not shown that the

26  imposition of the upper terms violated the rule formed in Apprendi, Blakely, and Cunningham.") ;

27  Lloyd v. Gonzalez, No. CV 11-3321 PJW, 2012 WL 84046 at *3 (C.D. Cal. Jan. 10, 2012)

28  ("Under [the 2007 amendment to California Penal Code § 1170(b)] the trial judge was authorized

1    in its (sic) discretion to sentence Petitioner to the upper term without any aggravating factors

2    being proven to a jury or admitted by Petitioner."); Jones v. Knipp, No. EDCV 09-1395-

3    JSL(CW), 2012 WL 3839428 at *6 (C.D. Cal. July 27, 2012).

4         Moreover, even assuming arguendo that the trial court did violate the Sixth Amendment in

5    selecting the upper term sentence here, any such error would be harmless in this case.  See

6    Washington v. Recuenco, 548 U.S. 212, 218-22 (2006) (Apprendi errors are subject to harmless

7    error analysis); see also Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).  Here, there is no doubt

8    that a jury would have found that petitioner's crime was "vicious" based on the fact that he

9    pursued the victim while shooting him multiple times.  See e.g., People v. Collins, 123

10   Cal.App.3d 535, 538-539 (1981) (court imposed aggravated term for kidnapping based on

11   viciousness and callousness of crime where defendant held cocked gun to his victim's head over

12   period of several hours during stand-off with police); People v. Harvey, 163 Cal.App.3d 90 116-

13   117 (1984) (viciousness and callousness as aggravating factor in imposing upper term of nine

14   years was proper where victim was attacked under circumstances where he had no opportunity to

15   defend himself, there was no provocation of any sort, and where victim was shot without any

16   explanation, because such qualities are not inherent to the charged offense of attempted murder

17   by use of a firearm).  Here, the resulting sentence would have been the same even if the issue of

18   viciousness and callousness had been submitted to a jury.

19        Accordingly, for all of these reasons, petitioner is not entitled to federal habeas relief on

20   any claim that the sentence imposed in his case violates the Sixth Amendment, as set forth in the

21   Apprendi and Cunningham decisions.

22        **C.  Ineffective Assistance of Counsel**

23        Petitioner also argues that his trial counsel rendered ineffective assistance in failing to

24   object to his sentence on the grounds that its imposition violated California law.  (ECF No. 1-1 at

25   27-28.)

26        The clearly established federal law for ineffective assistance of counsel claims is

27   Strickland v. Washington, 466 U.S. 668 (1984).  To succeed on a Strickland claim, a defendant

28   must show that (1) his counsel's performance was deficient and that (2) the "deficient

13

1    performance prejudiced the defense." <u>Id.</u> at 687.  Prejudice is found where "there is a reasonable

2    probability that, but for counsel's unprofessional errors, the result of the proceeding would have

3    been different." <u>Id.</u> at 694.

4           As set forth above, the California Court of Appeal determined that petitioner's sentence

5    did not violate state law.  This court has concluded that the sentence imposed in petitioner's case

6    did not violate the Fourteenth Amendment.  Accordingly, any objection to that sentence on the

7    grounds that it violated state sentencing law or the federal due process clause would have been

8    meritless.  Petitioner cannot show prejudice with respect to his claim of ineffective assistance of

9    counsel because the failure to make a meritless objection does not constitute ineffective

10   assistance.  <u>See</u> <u>Jones v. Smith</u>, 231 F.3d 1227, 1239 n.8 (9th Cir. 2000) (citing <u>Boag v. Raines</u>,

11   769 F.2d 1341, 1344 (9th Cir. 1985) (an attorney's failure to make a meritless objection or motion

12   does not constitute ineffective assistance of counsel)).  <u>See also</u> <u>Matylinsky v. Budge</u>, 577 F.3d

13   1083, 1094 (9th Cir. 2009) (counsel's failure to object to testimony on hearsay grounds not

14   ineffective where objection would have been properly overruled); <u>Rupe v. Wood</u>, 93 F.3d 1434,

15   1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance").

16   **IV. Conclusion**

17          Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that

18   petitioner's application for a writ of habeas corpus be denied.

19          These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21   after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24   shall be served and filed within fourteen days after service of the objections.  Failure to file

25   objections within the specified time may waive the right to appeal the District Court's order.

26   <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

27   1991).  In his objections petitioner may address whether a certificate of appealability should issue

28   in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing

14

1   Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

2   enters a final order adverse to the applicant).

3   Dated:  January 21, 2014

4

5                                                    DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE
6

7   DAD:8
    lee2618.hc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15